UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01492-JWH-ADS | Date | July 11, 2025 |
| Title | Adam Ghadiri v. Brea's Best Burgers, et al. | | |

Present: The Honorable **JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE**

| Priscilla Deason | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: ORDER TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION**

Plaintiff Adam Ghadiri asserts a claim for injunctive relief arising from an alleged violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12010-12213; a claim for damages pursuant to California's Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51-53; and a claim for negligence.[1] It appears that the Court possesses only supplemental jurisdiction over the Unruh Act claim. *See* 28 U.S.C. § 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, ***and at every state of the litigation***, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 350 (1988)).

---

[1] *See* Compl. (the "Complaint") [ECF No. 1].

In his Complaint, Ghadiri does not identify whether he is a "high frequency litigant" as provided by Cal. Civ. Proc. Code §§ 425.55(b)(1) & (2).[2] The Court therefore **ORDERS** Ghadiri and his counsel to **SHOW CAUSE** in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim. *See* 28 U.S.C. § 1367(c).

Ghadiri and his counsel shall also support their responses to this Order to Show Cause with declarations, signed under the penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by Cal. Civ. Proc. Code §§ 425.55(b)(1) & (2). Ghadiri and his counsel are **DIRECTED** to file a Response to this Order to Show Cause no later than August 1, 2025. Ghadiri or his counsel's failure to respond to this Order to Show Cause in a timely or adequate manner may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the Unruh Act claim and the dismissal of that claim pursuant to 28 U.S.C. § 1367(c).

Additionally, on its own motion, the Court **CONTINUES** the trial from August 18, 2025, to September 15, 2025, at 9:00 a.m. The Court also **CONTINUES** the Final Pretrial Conference from August 1, 2025, to August 29, 2025, at 1:00 p.m. All other case calendar dates remain unchanged.

**IT IS SO ORDERED.**

---

[2] *See generally id.*